The opinion of the Court was delivered by
MuNRO, J.
The report of the Circuit Judge states, that the plaintiff Sims, and one Clark, were joint contractors to put up a building, at Cokesbury, for the defendants. This undoubtedly constituted them partners, quoad hoc: and upon the completion of their contract, or the accomplishment of the entire business for which th,e partnership was formed, it eo instanti terminated. Story on Partnership, Sect. 280.
The single question then, is, whether the defendant Smith, could discharge pro tanto, the debt of the defendants to the firm of Sims & Clark, by the release of Clark’s individual indebtedness to himself.
In the same work, at Sect. 128, the rule is thus stated— “ Every contract in the name of the firm, in order to bind the partnership, must not only be within the scope of the business of the partnership, but it must be made with a party who has no knowledge or notice that the partner is acting in violation of his obligations and duties to the firm. Eor every such contract, made with such knowledge or notice, is not binding upon the partnership, however binding it may be upon the individual partner making it.” And at Sect. 132, the author goes on to say — “ Similar principles will apply *567 although not always to the same extent, or with the same certainty, when one partner applies the funds, or securities, or assets of the partnership in discharge or payment of his own private debts, claims or contracts. In all such cases the creditor dealing with the partner, and knowing the circumstances, will be deemed to act mala fide, and in fraud of the partnership ; and the transaction by which the funds, securities or other effects of the partnership have been so obtained will be held as a nullity.”
The mere fact, however, that a note or security, or fund of the firm has been taken in payment of the separate debt of one of the partners, is by no means decisive of collusion or fraud, but on the contrary may be rebutted by the circumstances of the particular case. See the whole doctrine discussed at Sect. 183, and the notes appended thereto.
The same doctrine was held in the case of Hall, Kirkpatrick & Co. vs. Coe, et al., (4 McC. 136,) in which case it was ruled, that one of several copartners may discharge his individual debt to a third person, by releasing, or giving a receipt to such person for a debt due by him to the firm. That case is however distinguishable from the present, in two important particulars; in the first place, the release of the individual partner was given before the dissolution of the firm — and secondly, no notice had been communicated to the creditor of the individual partner, not to deal with him. In delivering the opinion of the Court, Judge Nott, in addressing himself to that branch of the case, remarks: “ It is admitted in this case, that if the receipt was given after the partnership was dissolved, and after it was known to the plaintiffs, they could derive no benefit from it.”
In the case in hand, the partnership had not only expired before the transaction between the defendant Smith and Clark took place; but in addition thereto, the former had express notice not to pay anything over to Clark.
*568 . We are, therefore, of opinion, that there was error in' the instructions to the jury, that Clark’s release of the copartnership demand,' in consideration of his individual indebtedness to the defendants, was binding upon the plaintiff.
Wherefore the plaintiff’s motion is granted.
O’NeALL, WAEDLAw, WITHERS, Whither, and G-loyer, JJ., concurred.

Motion granted;.